FILED
2011 Apr-21 PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SHANE THORNTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Civil Action No. CV-11-S-28-NE |
| | ) |
| **AKRIDGE & BALCH, P.C.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shane Thornton, asserts claims against defendant Akridge & Balch, P.C., a law firm located in Auburn, Alabama, for violation of various provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[1] The case currently is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Upon consideration of the motion and plaintiff's response thereto,[3] the court concludes that the motion should be granted in part and denied in part.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be

---

[1] *See* doc. no. 1 (Complaint).
[2] Doc. no. 5.
[3] Doc. no. 9.

granted." Fed. R. Civ. P. 12(b)(6).[4]  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (citations omitted). The Supreme Court elaborated this

---

[4] In full text, Rule 12(b) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> > (1) lack of subject-matter jurisdiction;
> >
> > (2) lack of personal jurisdiction;
> >
> > (3) improper venue;
> >
> > (4) insufficient process;
> >
> > (5) insufficient service of process;
> >
> > (6) failure to state a claim upon which relief can be granted; and
> >
> > (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b).

standard in its *Iqbal* opinion, as follows:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But

where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations.  *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at —, 129 S. Ct. at 1949-50 (emphasis added).

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

The factual allegations of plaintiff's complaint are as follows:

5.  On or about June 30, 2009, Mr. Thornton leased a residence known as 738 Tanglewood, Auburn, AL 36830 from TMH Properties (hereinafter, "TMH").  Prior to the expiration of the lease, Mr. Thornton and his wife moved out of said residence.  Mr. Thornton maintains that he made arrangements with or entered into an agreement with TMH for the cessation of his liability on the lease or for the subletting of the residence prior to moving out of the residence.

6.  Nonetheless, TMH initiated informal collection efforts against Mr. Thornton shortly after he moved out of the residence.  Soon after these informal debt collection efforts began, TMH hired Defendant to demand the payment of sums allegedly due under the lease and to institute legal action to collect those sums if necessary.

7.  On January 6, 2010, Defendant sent a collection letter to Mr. Thornton at his place of employment . . . .  The collection letter said that as of January 5, 2010, Mr. Thornton owed a debt of $7,630.00 on the lease.  That statement was false, deceptive, and/or misleading.  Assuming

arguendo that Mr. Thornton had some ongoing obligation to pay rent under the lease, the amount due was significantly less than the stated amount. Defendant's letter also stated that Mr. Thornton owed an unspecified amount to TMH *under the lease* for "attorney fees and costs of collection to date." However, provisions in a lease requiring a tenant to pay a landlord's attorney fees and collection costs are unenforceable pursuant to § 35-9A-163, *Code of Alabama 1975.* Therefore, the assertion that Mr. Thornton owed attorney fees and collection costs under the lease was false, deceptive, and/or misleading. The collection letter also said that the lease was executed on July 30, 2008, which was also false.

8. Mr. Thornton retained the undersigned attorney to respond to the collection letter. On January 30, 2010, the undersigned sent a written response to Defendant disputing the debt and demanding verification of the debt. Although Defendant acknowledged receipt of the January 30, 2010, letter, it failed to provide verification of the debt and, instead, on March 10, 2010, filed suit against Mr. Thornton on behalf of TMH in the District Court of Lee County, Alabama. The Complaint filed by Defendant on behalf of TMH stated that Mr. Thornton owed $6,690.00 for unpaid rent and repairs on the lease. This assertion was false, deceptive, and/or misleading because, among other things, no repairs were necessary on the residence.

9. The Complaint was not served on Mr. Thornton for at least two days after the Complaint was filed by Defendant in Lee County District Court.

10. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.[5]

### III. MERITS OF PLAINTIFF'S CLAIMS

**A.     Count I:  Section 1692e**

Section 1692e of the FDCPA prohibits a debt collector from using "any false,

---

[5]Complaint, at ¶¶ 5-10 (all emphasis in original).

deceptive, or misleading representation or means in connection with the collection of any debt," including false representations about "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Plaintiff alleges that defendant violated § 1692e because it falsely stated the amount of the debt plaintiff allegedly owed, falsely represented that the alleged debt included attorney fees and collection costs under the terms of the lease, and falsely stated the date of execution of the lease.[6]

Defendant makes several arguments in support of the dismissal of Count I. First, defendant argues that plaintiff's claim is not viable because he is simply asserting that, if he owes anything at all, it is a lower amount than what was requested in the demand letter. However, "'[t]he FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute.'" *Hepsen v. Resurgent Capital Services, LP,* 383 Fed. Appx. 877, 881 (11th Cir. 2010) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (in turn citing 15 U.S.C. § 1692k; *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010))). Therefore, the Eleventh Circuit has held that a district court did not err in denying summary judgment because the creditor had not presented conclusive proof that its demand letter stated the correct amount of the debt. *Hepsen,* 383 Fed. Appx. at 881. Similarly, here, defendant *could* be held liable under § 1692e if it is

---

[6]Complaint, at ¶ 13.

later determined, based on the evidence gathered during discovery, that it made a demand for an incorrect amount. Therefore, plaintiff's claim for violation of § 1692e will not be dismissed on this basis.

Defendant also argues that plaintiff's § 1692e claim must fail insofar as it relies on the allegation that defendant falsely represented that plaintiff was responsible for paying attorney's fees and costs of collection. Defendant's collection letter to plaintiff stated, "As of January 5, 2010, you owe $7,630 under the terms of the Lease, *which includes attorney fees and costs of collection to date*."[7]  According to plaintiff, any assertion that he can be required to pay defendant's attorney's fees and costs runs afoul of § 35-9A-163 of the Alabama Code, which states, in pertinent part, that "[a] rental agreement may not provide that the tenant . . . agrees to pay the landlord's attorney's fees or cost of collection. . . ." Ala. Code § 35-9A-163(a)(3) (1975 & 2009 Supp.). Any lease provision that violates this restriction is unenforceable. Ala. Code § 35-9A-163(b) (1975 & 2009 Supp.). According to defendant, however, its demand letter was not requesting attorney's fees *pursuant to the lease*; it was requesting attorney's fees *in addition to* the amounts due under the lease. That kind of attorney's fee award is authorized by § 35-9A-421 of the Alabama Code, which states: "Except as provided in this chapter, a landlord may recover actual damages and obtain

---

[7]Complaint, at Exhibit 1 (emphasis supplied).

injunctive relief for noncompliance by the tenant with the rental agreement or Section 35-91-301.  *If the tenant's noncompliance is willful, the landlord may recover reasonable attorney's fees.*"  Ala. Code § 35-9A-163(b) (1975 & 2009 Supp.) (emphasis supplied).  The court, frankly, finds the parties' dispute on this matter to be quite silly.[8]  But, since the court must nonetheless rule on the motion before it, it concludes that the allegations of plaintiff's complaint concerning false statements made in connection with defendant's demand for attorney's fees and expenses could support a claim for relief under § 1692e of the FDCPA, but only insofar as it may later be proven that defendant was referencing attorney's fees and costs due under the terms of the lease document itself.

Finally, defendant argues that plaintiff's § 1692e must fail insofar as it is based on defendant's misstatement of the date of execution of the lease.  Defendant acknowledges that, while the date on the lease document itself is June 30, 2008, the lease actually was not executed until June 30, 2009.  Even so, defendant characterizes this as a *de minimis* error, especially considering that it asserts it reasonably and innocently derived the lease execution date from the face of the lease document itself.

---

[8]This is particularly true considering the inflammatory language used by plaintiff's counsel in his response to defendant's motion to dismiss.  Plaintiff calls defendant's argument "completely false and illogical" and "bizarre," and states that defendant has engaged in "incredulous, unabashed gamesmanship." Doc. no. 9, at 5-7.  Such invective not only is unnecessary, but it also distracts from the merits of counsel's arguments.

Unfortunately for defendant, as stated above, "'The FDCPA does not ordinarily require proof of intentional violation . . . .'" *Hepsen*, 383 Fed. Appx. at 881 (citations omitted). Therefore, neither the magnitude of defendant's error, nor the presence or lack of intent, is relevant to the viability of plaintiff's § 1692e claim.

In summary, plaintiff's claim pursuant to § 1692e of the FDCPA will not be dismissed for failure to state a claim upon which relief can be granted.

**B.    Count II:  Section 1692f**

Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1). Plaintiff alleges that "[d]efendant's attempt to collect for attorney fees and collection costs under the terms of the lease . . . is a violation of § 1692(f) [sic] of the FDCPA because such fees are prohibited by Alabama law."[9] This is merely a reiteration of the arguments made about the collection of attorney's fees and costs in conjunction with Count I. The court has already ruled, albeit reluctantly,

---

[9]Complaint, at ¶ 17.

that plaintiff has a viable claim based on that theory.  Therefore, Count II will not be dismissed for failure to state a claim upon which relief can be granted.

**C.     Count III: Section 1692g(a)(1)**

Section 1692g(a)(1) of the FDCPA states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
>
> (1) the amount of the debt. . . .

15 U.S.C. § 1692g(a)(1).  Plaintiff alleges that defendant's collection letter "fails to state the amount of the alleged debt as is demonstrated by the wholly different amount set out in the Complaint filed [in state court] against Mr. Thornton by Defendant."[10] This is just another way of asserting that defendant misstated the amount of the debt allegedly owed by plaintiff.  Thus, to the extent plaintiff is attempting to assert in Count III that defendant misstated the amount of debt he allegedly owed, that claim is due to be dismissed as duplicative of Count I.  To the extent plaintiff is attempting to assert in Count III that defendant failed altogether to state the amount of the alleged debt in its demand letter, that claim is due to be dismissed because defendant clearly did state the amount of the alleged debt, albeit in an amount plaintiff disagrees with.

---

[10]Complaint, at ¶ 21.

**D.     Count IV: Sections 1692g(a) and 1692g(b)**

Plaintiff consents to the dismissal of Count IV of his complaint.[11] Accordingly, that claim will be dismissed.

### IV. CONCLUSION AND ORDER

In accordance with the foregoing, defendant's motion to dismiss is GRANTED in part and DENIED in part. Counts III and IV of plaintiff's complaint are DISMISSED with prejudice. Counts I and II remain pending.

Further, plaintiffs' attorney having reported that his health is good enough to allow him to proceed with the case, it is ORDERED that the stay on further proceedings is lifted.[12] Defendant must file an answer to plaintiffs' complaint on or before May 5, 2011.

DONE this 21st day of April, 2011.

_____
United States District Judge

---

[11] Doc. no. 9, at ¶ 19.

[12] The court stayed all further proceedings, at the request of plaintiff's attorney, on February 9, 2011, in order to accommodate counsel's chemotherapy and radiation treatment schedule. Doc. no. 8. Plaintiff's attorney now reports that his treatment is complete and he is able to proceed with the case. Doc. no. 10. The court congratulates counsel on his progress and wishes him continued good health.